**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE INTERCEPT MEDIA, INC.**,

Plaintiff,

v.

Civ. Action No.

**U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**

Defendant.

**COMPLAINT FOR INJUNCTIVE AND DECLARTORY RELIEF**

The Intercept Media, Inc, publisher of The Intercept, an investigative and award-winning news platform ("Plaintiff" or "The Intercept"), by and through its undersigned Transparency Counsel, alleges as follows in its quest to obtain wrongfully withheld public records:

1. Plaintiff brings this action under the federal Freedom of Information Act, 5 U.S.C. § 552 *et seq* ("FOIA"), for injunctive, statutory, declaratory, and other appropriate relief against the U.S. Immigration and Customs Enforcement, a component of the U.S. Department of Homeland Security (collectively, the "Defendant" or "ICE").

2. By this action, Plaintiff seeks to compel Defendant to comply with its obligations under this important open-government law to release records related to

12 violent, use-of-force incidents involving personnel employed by, or contracted with, the Defendant in Minneapolis, Washington, D.C., Phoenix, Chicago, and Los Angeles.

3. Each of these violent, use-of-force incidents was extensively covered by national and local news organizations.

4. Plaintiff is statutorily entitled to the disclosure of these records, and Defendant has improperly withheld them in violation of FOIA.

## Jurisdiction and Venue

5. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) because this action arises under the laws of the United States and Plaintiff has its principal place of business in the Borough of Manhattan at 15 West 38th Street, #636, New York, NY 10018.

6. Venue is proper in the United States District Court for the Southern District of New York under 5 U.S.C. § 552(a)(4)(B).

## Parties

7. The Intercept is an award-winning national investigative news media organization within the meaning of 5 U.S.C. § 552(a)(4)(A)(i)(III). Founded in 2014, it is a non-stock, non-profit organization established under the laws of the State of Delaware, with its primary office in New York City.

8. The Intercept is committed to accurate investigative journalism in the public interest, believing that rigorous and courageous newsgathering and reporting plays a vital role in protecting human rights, safeguarding freedoms, checking the influence of money and power, and moving society toward a just future. It publishes a public, online news site at www.theintercept.com.

9. Defendant U.S. Department of Homeland Security ("DHS") is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) and is subject to the Act. U.S. Immigration and Customs Enforcement is a component of DHS. Defendant has in its possession, custody, or control the records that the Plaintiff seeks.

**Facts**

10. On January 22, 2026, The Intercept reporter Jonah Valdez, acting on behalf his employer, The Intercept, submitted a FOIA request by email to Defendant for use-of-force records related to personnel employed by, or contracted with, ICE. A true and accurate copy of the Request is attached hereto as Exhibit. 1.

11. Specifically, the Request sought copies of video footage (body-worn cameras, law enforcement dash cameras, cell phone footage and other footage), photos, use-of-force logs, use-of-force incident reports, communications, emails, phone conversation transcripts, and radio communication transcripts (the "Records").

12. The Request listed 12 violent incidents that occurred in Minneapolis, Washington, Phoenix, Chicago, and Los Angeles, each of which were extensively covered by national and local news organizations as more fully set forth on Exhibit 2.

13. On February 5, 2026, ICE acknowledged receipt of the Request, sought a 10-day statutory extension, and denied expedited processing. A true and copy of the acknowledgment letter is attached as Exhibit 3.

14. On April 21, 2026, ICE denied the Request, citing 5 U.S.C. § 552 (b)(7)(A), and declaring that the records requested were protected from disclosure "due to the open status of ongoing law enforcement investigations" and a release of these records "could reasonably be expected to interfere with law enforcement proceedings and final agency actions" (the "Denial"). A true and copy of the Denial is attached as Exhibit 4.

15. In its Denial, ICE also stated that, if Exemption 7(A) does not apply, it may assert privacy and other law enforcement exemptions such as 5 U.S.C. § 552(b)(6), 7(C), 7(D), 7(E), and 7(F).

16. Finally in its Denial, ICE stated that because it was denying the Request in full, the fee waiver requested by The Intercept was moot.

17. On June 12, 2026, Plaintiff filed an administrative appeal of the Denial to Defendant pursuant to 5 U.S.C. § 552 *et seq* (the "Administrative Appeal"). A copy of the Administrative Appeal is attached as Exhibit 5.

18. In its Administrative Appeal, Plaintiff argued that Defendant (a) failed to segregate and release non-exempt information in violation of 5 U.S.C. §552; (b) failed to meet its burden of proving that the 5 U.S.C. §552 7(A) exemption it cited; (c) failed to address FOIA's "foreseeable harm' requirement; (d) failed to identify and support any additional exemptions it alleged it may wish to later rely upon; and (e) prematurely determined that Plaintiff's request for a fee waiver was moot because of its improper, insufficient, and wholesale rejection of the Request under FOIA's exemption 7(A).

19. On July 13, 2026, Defendant responded to The Intercept's Administrative Appeal, asserting only that "after a complete review of the administrative record" it had determined that new searches or modifications to the existing searches could be made and remanded the Administrative Appeal to the Defendant's FOIA Office for "processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents." A copy of this communication (the "Remand") is attached as Exhibit 6.

20. Since Defendant's receipt of the Remand and as of the date of the filing of this Complaint, the Plaintiff has not received any of the Records or received any further communication from the Defendant.

21. FOIA provides no second administrative appeal after a remand.

22. Plaintiff exhausted the remedies provided to it in FOIA after its Administrative Appeal.

23. This Complaint is filed following the 21st working day after Defendant's July 13 Remand letter.

24. Absent statutory authority, Plaintiff has constructively exhausted any remedies this Court could imply and is entitled to judicial review of this timely Complaint.

## PLAINTIFF'S CLAIMS FOR INJUNCTIVE, STATUTORY AND DECLARATORY RELIEF AND DAMAGES

### COUNT I

### Violation of FOIA for Failure to Comply with Statutory Deadlines

25. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

26. Defendant is an agency as defined by and subject to FOIA and bound by the timelines established in this law.

27. By submitting its Request, Plaintiff properly requested records within the possession, custody, or control of Defendant.

28. Defendant failed to make determinations with respect to the Request within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

29. Defendant had 20 working days to respond to Plaintiff's request and added another 10 business days with its request dated February 5, 2026. Defendant's failure to respond to Plaintiff by March 5, 2026 is a constructive denial under FOIA.

30. Defendant's failure to provide determinations with respect to the Request within the statutorily required timeframe is a violation of FOIA.

31. Defendant's continued failure to provide the Records is a consistent and intentional attempt to shield, from public view, these records and reveal a pattern and practice of delay and obfuscation with which ICE continues to operate.

32. Plaintiff has or should be deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* §552(a)(6)(C)(i).

**COUNT II**

**Violation of FOIA for Wrongful Withholding of Agency Records**

33. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

34. Defendant is an agency as defined by and subject to FOIA and bound by the timelines established in this law.

35. By submitting the Request, Plaintiff properly requested records within the possession, custody, or control of Defendant.

36. The Request complied with all applicable regulations regarding the submission of FOIA requests.

37. Defendant has not released any records or portions thereof in response to the Request.

38. Defendant has failed to meet its burden of proving the exemptions it is citing in withholding the records requested or portions thereof that are responsive to the Request.

39. Defendant has not identified whether or how release of the Records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

40. Defendant has improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

**COUNT III**

**Defendant failed to release all segregable, non-exempt information**

41. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

42. Defendant is an agency as defined by and subject to FOIA and bound by the timelines established in this law.

43. By submitting the Request, Plaintiff properly requested records within the possession, custody, or control of Defendant.

44. The Request complied with all applicable regulations regarding the submission of FOIA requests.

45. Defendant's Denial was insufficient because it failed to segregate and release non-exempt information.

46. FOIA requires agencies to produce "[a]ny reasonably segregable portion of a record . . . to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b).

47. FOIA exemptions "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act, exemptions are to be narrowly construed, and information not falling within any of the exemptions has to be disclosed." *Leopold v. United States,* 94 F.4th 33, 37 (D.C. Cir. 2024).

48. Worse, Defendant did not even release information that has been widely disseminated.

## COUNT IV

**Defendant has not justified withholding under Exemption 7(A) on the basis stated in its denial.**

49. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

50. Defendant is an agency as defined by and subject to FOIA and bound by the timelines established in this law.

51. By submitting the Request, Plaintiff properly requested records within the possession, custody, or control of Defendant.

52. The Request complied with all applicable regulations regarding the submission of FOIA requests.

53. The "dominant objective" of FOIA as articulated by the United States Supreme Court is disclosure not secrecy. *U.S. Air Force v. Rose,* 425 U.S. 352, 361 (1976) The Act is designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," *Id.* Any exceptions to the Act must be narrowly construed. *Vaughn v. Rosen,* 484 F.2d 820, 823 (1973).

54. FOIA Exemption 7(A) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552 (b)(7). *ACLU of Mich. v. FBI*, 734 F.3d 460 (6th Cir. 2013); *Ctr. for Nat'l Sec. Studies v. United States Dep't of Justice,* 331 F.3d 918 (D.C. Cir. 2003); *Cozen O'Conor v. United States Dep't of Treasury,* 570 F. Supp.2d 749 ( E.D. Pa. 2008).

55. To meet its burden under Exemption 7(A), an agency must show (1) that a law enforcement proceeding is pending or prospective and (2) that release of

the information could reasonably be expected to cause some articulable harm, in a manner that allows a court to trace a rational link between the nature of the documents and the alleged likely interference. *N.Y. Times Co. v. Dep't of Educ.,* 658 F. Supp.3d 171, 196 (S.D.N.Y. 2023); *N.Y. Times Co. v. Unites States DOJ*, 390 F. Supp. 3d 499, 513 (S.D.N.Y. 2019).

56. ICE's Denial simply provides conclusory statements that, in general terms, the records are withheld due to ongoing law enforcement investigations and that release could interfere with proceedings and final agency actions.

57. The Supreme Court has unequivocally rejected agency attempts to shield information from public view using blanket, threadbare, or conclusory statements. *EPA v. Mink* 410 U.S. 73 (1973).

**COUNT V**

**Defendant failed to address the FOIA Improvement Act's "foreseeable harm" requirement**

58. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

59. Defendant is an agency as defined by and subject to FOIA and bound by the timelines established in this law.

60. By submitting the Request, Plaintiff properly requested records within the possession, custody, or control of Defendant.

61. The Request complied with all applicable regulations regarding the submission of FOIA requests.

62. Defendant failed to address foreseeable harm, much less satisfy its burden of proof required to prove it.

63. Under the "foreseeable harm" standard, agencies cannot withhold records pursuant to most FOIA exemptions unless some foreseeable harm would come from the disclosure.

## COUNT VI

**Defendant should identify and support any additional exemptions it intends to rely upon**

64. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

65. Defendant is an agency as defined by and subject to FOIA and bound by the timelines established in this law.

66. By submitting the Request, Plaintiff properly requested records within the possession, custody, or control of Defendant.

67. The Request complied with all applicable regulations regarding the submission of FOIA requests.

68. In its Denial, the Defendant stated that it may, at some later time, assert privacy exemptions and other law enforcement exemptions per 5 U.S.C. § 552(b)(6), 7(C), 7(D), 7(E), and 7(F).

69. As an initial matter, for the same reasons that asserting that Exemption 7(A) applies to the records requests, this broad-brush assertion fails here.

70. Additionally, this "maybe-also" assertion of possible other exemptions also fails to adequately consider whether such records have non-exempt, segregable information or the foreseeable harm requirement as pleaded above.

71. Finally, listing a set of possible exemptions violates the statutory requirement of providing a timely response and giving the requestor a chance to appeal.

72. Indeed, this "everything-but-the-kitchen-sink" approach is nothing less than a full denial of the request with no exemption asserted. And it reveals the Defendant's intention to ignore its FOIA responsibilities.

## COUNT VII

**Plaintiff is a News Media Organization entitled to a fee waiver**

73. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

74. Defendant is an agency subject to FOIA.

75. By submitting the Request, Plaintiff properly requested records within the possession, custody, or control of Defendant.

76. The Request complied with all applicable regulations regarding the submission of FOIA requests.

77. In its Denial, Defendant wrongly determined that the request for a fee waiver was "moot," because of its wrongful and wholesale rejection of the request under Exemption 7(A).

78. Plaintiff satisfies all five elements of the criteria that a requester must satisfy in order to qualify as a representative of the news media. It must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience. In *Cause of Action v. FTC,* 799 F.3d 1108, 1120 (D.C. Cir. 2015).

79. When the Records are produced, Plaintiff is entitled to the fee waiver as representative of the news media.

## **REQUESTED RELIEF**

80. Plaintiff incorporates the preceding paragraphs.

WHEREFORE, Plaintiff respectfully requests that this Court:

81. Issue a declaration that Defendant's failure to provide a determination with respect to the Request within the required statutory deadline is a violation of FOIA;

82. Order Defendant to complete its search for records responsive to the Request, and to issue determinations with respect to the Request;

83. Order Defendant to release all non-exempt records or portions thereof responsive to the Request;

84. Issue a declaration that Defendant is entitled to disclosure of the Records responsive to the Request;

85. Enjoin Defendant from continuing to withhold non-exempt records or portions thereof responsive to the Request;

86. Award Plaintiff reasonable attorney fees and other litigation costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

87. Issue a written finding that the circumstances surrounding the Defendant's withholding raise questions that the Defendant's personnel acted arbitrarily and capriciously with respect to the withholding; and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

*/s/ Matthew S. Olesh*
Matthew S. Olesh
Terry Mutchler*, Chair of Transparency Law and Public Data (*Pro Hac Vice* forthcoming)
Corinna V. Wilson* (*Pro Hac Vice* forthcoming)
Matthew E. Selmasska* (*Pro Hac Vice* forthcoming)
60 E. 42nd Street, 40th Floor
New York, NY 10165
T: 917.994.2544 F: 917.994.2545
matthew.olesh@obermayer.com
*Attorneys for Plaintiff, The Intercept Media, Inc.*

*/s/ David S. Bralow*
David S. Bralow, Chief Legal Officer

The Intercept Media, Inc.
15 W 38th Street, #636
New York, NY 10018
Dated: September 8, 2026
david.bralow@theintercept.com